UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE HILTON WILDMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY SHERIFF'S DEPT.,<br>et al.,<br><br>　　　　Defendant. | No. 2:13-cv-2592 DAD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　The court is required to screen complaints brought by prisoners who seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5  When considering whether a complaint states a claim upon which relief can be granted,
6  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and
7  construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416
8  U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by
9  lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to
10 state a claim, a pro se complaint must contain more than "naked assertions," "labels and
11 conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp.
12 v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements
13 of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal,
14 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have
15 facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff
16 pleads factual content that allows the court to draw the reasonable inference that the defendant is
17 liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are
18 considered to be part of the complaint for purposes of a motion to dismiss for failure to state a
19 claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

20 In the complaint pending before the court plaintiff presents a single claim. Plaintiff
21 alleges that defendants were involved in the seizure of his property, including $5,137.00, during
22 his arrest of September 21, 2013. (Complaint (Doc. No. 1) at 3, 4.) Plaintiff states the criminal
23 charges brought pursuant to his arrest were dismissed. (Id. at 3.) He seeks the return of the
24 property, with interest. (Id.)

25 A state's seizure of property does not violate the federal Constitution as long as the state
26 has an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). The
27 availability of an adequate state post-deprivation remedy, such as a state tort action, precludes
28 relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S.

113, 128 (1990). California law provides such an adequate post-deprivation remedy. See <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810-895); <u>City of Garden Grove v. Superior Court</u>, 157 Cal.App.4th 355, 366-67 (2007) (discussing the state's procedures for the return of property seized as evidence during arrest). Therefore plaintiff's complaint fails to state a claim cognizable under the Civil Rights Act. See <u>Ford v. Liberman</u>, No. CV 13-341-MMM (PJW), 2013 WL 3668157, at *2 (C.D. Cal. July 12, 2013) (dismissing a civil rights action with prejudice where the complaint alleged that police had wrongfully refused to return property seized from plaintiff and his family members at the time of his arrest).

This court's usual practice with complaints that fail the screening standard of 28 U.S.C. § 1915A is to allow the plaintiff a chance to amend his complaint to state a cognizable claim, that practice is not appropriate in every case. However, "[f]utility of amendment can, by itself, justify the denial of . . . leave to amend." <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir.1995). Here, the court finds that any attempt by plaintiff to amend his complaint would be futile under the circumstances. "[T]here is nothing [plaintiff] can say or do to change the fact that he is seeking to be compensated for property that was seized by police when he was arrested and [that] the state has a meaningful process for him to do so." <u>Ford</u>, 2013 WL 3668157 at *2. Plaintiff's complaint should therefore be dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign this case to a District Judge.

2. The Clerk of Court shall serve these findings and recommendations and order on plaintiff Duane Wildman, CDCR Number AR6329, California State Prison-Solano, P.O. Box 4000, Vacaville, California 95696-4000.

IT IS HEREBY RECOMMENDED that:

1. The complaint be dismissed without leave to amend for failure to state a claim.

2. The motion to proceed in forma pauperis (Doc. No. 2) be denied as moot.

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 18, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
wild2592.1.screening